UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

**JERMAINE SNEED, SR.**                                                               **PLAINTIFF**

v.                                           **CIVIL ACTION NO. 3:21-CV-P443-JHM**

**UNIVERSITY OF LOUISVILLE HOSPITAL et al.**               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, then a pretrial detainee at the Louisville Metro Department of Corrections, sued the University of Louisville Hospital and Nurse Whitney Simone in her official capacity. His complaint stems from the taking of a vial or vials of blood while at the University of Louisville Hospital after he was involved in a severe motor vehicle accident. The Court dismissed his claims as seeking monetary relief from Defendants who are immune from such relief, allowed Plaintiff to file an amended complaint to name Simone in her individual capacity, and ordered Plaintiff to provide information about the then-pending state criminal charges against him arising out of the motor vehicle accident.

Plaintiff filed an amended complaint naming Simone in her individual capacity and provided information showing that on May 4, 2020, he was charged in Jefferson County with felony murder, first-degree assault, operating a motor vehicle under the influence, and first-degree wanton endangerment (DN 9). Because the pending criminal charges might affect the disposition of this civil case, the Court stayed this case until resolution of the criminal case (DN 10).

Plaintiff has advised the Court of the disposition of the state-court criminal case, and the Court has lifted the stay. The Court now undertakes its review under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.

According to the Complaint, on April 21, 2020, Plaintiff was transported via EMS to the University of Louisville Hospital after a severe motor vehicle accident that led to his arrest. He alleged that a non-Defendant police officer, Officer Fritz, violated his Fourth Amendment right by "illegal possessing what she herself on [her] body cam footage describes as an extra vial of blood." (cleaned up). He alleges that he does not remember giving permission for his blood to be taken and that, therefore, taking his blood was an "illegal theft." He further alleges that the police officer who carried a vial of his blood in her pocket either broke the chain of custody or possibly contaminated his blood. He also alleges that Simone "broke" his confidentiality and lied to police officers about him smelling of alcohol. Plaintiff asserts that such actions by Defendants result in "illegal seizure of crucial blood toxicology" and the "overcharging of drunk drivers."

Plaintiff states that he is also pursuing state-law claims of negligence, pain and suffering, and emotional distress from the irresponsible and unprofessional care he received. He states that he believes that the fault lies mainly with the "University of Louisville Hospital as a whole for lack of procedural training for employees[.]"

As relief, Plaintiff asks for monetary and punitive damages.

Plaintiff's notice to the Court of the disposition of his case (DN 14) indicated only that his criminal case was resolved. A review of kcoj.kycourts.net reveals that on January 8, 2024, Plaintiff was given a guilty disposition of vehicular homicide when under the influence of alcohol in Jefferson Circuit Court case *Commonwealth v. Sneed*, No. 20-CR-001172.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Section 1983 claims

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. *Heck*, 512 U.S. at 487. If it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*.

Were the Court to find that Plaintiff's blood was contaminated, it would imply the invalidity of his conviction for vehicular homicide when under the influence of alcohol. *See, e.g.*, *Aguilar v. Parker*, No. CIV.A. H-11-2569, 2011 WL 3104189, at *2 (S.D. Tex. July 26, 2011) ("A judgment in favor of plaintiff in the instant case, under his claim that his conviction was caused by the use of 'contaminated' blood, would necessarily imply the invalidity of his intoxication manslaughter conviction."). So would a finding that Defendants' method of securing the blood sample was invalid. *See, e.g.*, *Williams v. Weeks*, No. 1:17-CV-140-BL, 2019 WL 4262052, at *6 (N.D. Tex. Apr. 16, 2019) ("A favorable ruling on Williams's challenges to the validity of the seizure of blood evidence in this proceeding would necessarily imply the invalidity of Williams's conviction in the state criminal case."), *report and recommendation adopted*, No. 1:17-CV-00140-C, 2019 WL 4261831 (N.D. Tex. Sept. 9, 2019); *Weldon v. Wolfe*, No. CIV.A. 5:10-2409-DCN, 2010 WL 4259590, at *2 (D.S.C. Oct. 6, 2010) ("Because Plaintiff's allegations of use of improperly obtained and maintained blood-alcohol-test evidence against him to influence his guilty plea, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement with the blood evidence used in his prosecution and ultimate conviction."), *report and recommendation adopted*, No. CA 5:10-2409 DCN, 2010 WL 4340109 (D.S.C. Oct. 27, 2010). Consequently, the Court must dismiss Plaintiff's § 1983 claims under the *Heck* doctrine.

## B. State-law claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). The Court will dismiss the state-law claims without prejudice.

## III.

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: February 6, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009